Good morning, Your Honors. My name is James Crosby. I represent the plaintiff and appellant in this case, Almut Reinicke. Before the Court and teed up by this appeal is a granting of a summary judgment motion on an implied license affirmative defense to a copyright infringement case. In other words, as teed up by this motion, I am entitled, my client is entitled to her license. Mango can prove up an implied license to use the German language component of this online teaching tool. The law dictates that the implied license exception to the general rule of a requirement for license for an exclusive license is narrowly construed. It's a narrow exception. This is not an equitable proceedings. If you look in the effects case at 908 Fed 2nd, 555 footnote 6, this Court indicated it's not an equitable proceeding. What the Court has to do is look at the totality of the circumstances and impose a contract on the parties, imply a contract on the parties, based upon an objective standard and the totality of the circumstances. Those are the standards. It's a very, very narrow exception. What is at issue in this case is rather unique, and it comes out of the asset marketing case, which is the implied license test dictated by this Court in the asset marketing case. And specifically at issue in this case is not prong 1 or prong 2, it's prong 3. And under prong 3, the licensor has to, under the totality of the circumstances, all of the evidence, it has to be determined that the licensor intended to allow the work of improvement to be used by the licensee. It's an intent requirement. Not a subjective intent, though. No, it is a, I agree with you. It's an objective intent based upon the totality of the circumstances. So what could have been going on here if no license? What were they paying the money for? They were paying the money for us to do the work to create the work of improvement, not for the use of the improvement. What good does it do them to create improvement if they can't use it? Why pay for it? It's sort of like paying somebody to build somebody else's house. I don't get it. I understand, Your Honor, but that presupposes that, I guess, my point in this appeal, my point in this appeal... Why don't you answer my question, and then you can explain. Well, I think it presupposes that the parties are being up front and fair and honest with each other. I think that that's a fair question to answer, and I would have to say... Well, including you, including your client, right? I mean, you know, your client's taking the money. It seems a little sneaky to say, you know, I'm taking the money for you to have paid for the work, but you can't use it. What's... Well, Your Honor, I think... I mean, if you're talking about honest, you know, it's your client that seems a little sort of, you know, sort of sneaky or dishonest here. Well, I think... You know, if she's going to take the money and say, but, you know, you can't use any of this stuff, it would seem to me that you should say, hey, by the way, you know, I will accept your money, but you understand, don't ever use it in your business, and, you know, then they could have renegotiated the deal, and they said, okay, when I'm going to pay you this money, let's negotiate a deal where you expressly say... I mean, did she say that? Did she say... Did she say no? She, right? Yes. Yeah. I'm sorry. There are a lot of cases. There are a lot of cases I'm... No, I think... Anyway, if she doesn't say, I'll take your money, but you can't use the work, you know, if you sort of... If I hire a contractor to build something on my property, and I pay him for it, it would be, you know, it would be silly for, say, you know, I build it, but you can't use it. I mean, you know, what's the point? What's the point? Well, I understand that, Your Honor, but she is creating this work and turning it over to them based upon the false representations that they would provide her with commissions. That's the point. The point is, the whole underlying premise of her doing this work is Mango is telling her they will pay her commissions on the back end. That's why she's doing the work. But for that, she wouldn't be doing the work. So we don't even get to the question... Is that a copyright question? I'm sorry? Is that a copyright question or a contract question? I think it's a contract question. But you didn't sue under contract, did you? Well, I don't know if... Number one, I'm not sure that there's a basis to create the formation of a contract here such you could sue, but that... I thought you said that it was a contract question. Well, I think it's a contract question in the connection with the creation of the implied license, whether there are sufficient facts to create the implied license. The contract issue is the creation of the implied license on their side of the case, not my stating that there is a license under which they don't get to use our stuff unless they pay us. It's not a condition proceeding. What evidence do you have that she did not want them to use the copyright unless they paid her commissions? Well, we have the concession in this motion for summary judgment. They offered as an undisputed material fact in this case that she relied in creating and turning over this work, she relied upon the promises of commissions. They offered that as an undisputed material fact in this case. That's established for the purposes of this summary judgment motion. So she relied upon the commissions. We have the promises of commissions. We have laid out in about a 20-page declaration a course of conduct between the parties that gives rise to tribal issues as to whether they were being truthful in the promises of those commissions. Those two are directly related. It is undisputed in this case that we relied upon those promises. With our evidence, we raised tribal issues of fact as to whether those promises were truthful. So the reason that I want to go back to Judge Walter's question about the difference between an action in copyright and the action in contract, I'm going to try and characterize your argument. I want you to tell me whether I've characterized it correctly. I'm trying to make sure I understand it. Your argument is that she was induced to continue to provide them with material which she knew that they would use in their business for which she was giving them an implied contract. And she only did so on the promise that she was getting commissions. I think that's all correct other than the insertion of the phrase, based upon an implied contract, because that's their burden. Implied copyright. Implied copyright. Well, I don't think it even rose to that. She was creating this work and turning it over based upon the promises of commissions. And my argument is that if you look at the asset marketing case and the third element of that, it requires, and again it's a contract proceeding. They have to prove up the contract. They have to show that my client intended to give this up and allow the use of the two consented units. So where did Judge Curiel make the mistake? I'm sorry? Where did Judge Curiel make a mistake? Well, I think Judge Curiel made the mistake because he didn't even consider the argument we're making. He analyzed this case based on it being a condition proceeding case. In other words, he analyzed it that we can't impose a condition proceeding upon the use of our work being the payment of the commissions. That's not our argument. He also argued the other argument for Judge Curiel, which he addressed in his ruling, was that full payment. If they don't make full payment to me, I can't come back and say the implied license is voided. Judge Curiel never addressed the argument that I'm making. And the argument that I'm in an implied contract analysis, the intent and the consent to enter into this implied license when the facts upon which she is operating and acting are false. They are irreconcilable. I cannot create the intent to do something if I'm acting on things that Your Honor has told me that is false. They're irreconcilable. It's basic contract law. And under this narrow exception, I don't know how the district court could impose upon my client an implied license when my client acted to create and turn over the work based upon false promises. It's akin to a simple fraud case, frankly. And were you here on a simple fraud case or a contract case, I would say he needs to go back and have a trial. But we're talking copyright action. I would agree, Your Honor. But the implied license defense is a judicially created exception to the copyright requirement of writing. It's a judicially created exception. And if the court is going to impose upon my client a judicially, factually created implied contract, then we have to look at the law of the formation of implied contracts. And if I'm being induced to do something based upon false promises, I can't do that. You're saying fraud vitiates implied consent. I think that's exactly. Is that your argument? That's basically the argument I've made, is that fraud vitiates consent. So how could I have my client have consented or intended to enter into an implied license, which is they have proffered as their affirmative defense, if my client is defrauded into creating this work and turning it over? I don't know if I can prove up fraud at the time of trial, but I certainly have raised triable issues based upon this long course of conduct between the parties. This promising, promising, you've got to get it done. What about my commission agreement? Well, you've got to get it done. I want to pay you big money. Get it done, and then we'll talk about this. I mean, those are the types of facts that you use to prove up fraud cases on circumstantial evidence. I've tried fraud cases, and you very rarely prove up fraud out of the mouth of the defrauding party. It's all based upon circumstantial evidence, and that's what we have in this case. And I believe that, and I think our argument is, is that fraud being the basis, fraudulent promises being the basis upon which we created and turned over the work, vitiates my intent that's being imposed upon my client under implied contract theory. They're irreconcilable. The two are irreconcilable. What about footnote 7 in effects associates? I'm sorry? Footnote 7 in effects associates? Footnote 7, effects associates, footnote 7? Uh-huh. Footnote 7 in effects says that this is a contract analysis, as I recall. I mean, it says you have to expressly say... Yeah. Your Honor, it says footnote 7, and that's what I was citing at the start of my argument. This is not an equitable proceeding. We're not coming here and seeking equity of the court. This is an implied in-law contract that they have to create. They have the evidentiary burden. Did you read the second paragraph? The first paragraph deals with an equitable question. The second paragraph... Yeah, it goes into the analysis of the condition preceding it. We're not arguing condition preceding it. We're not saying that the payment of the commission was a condition preceding it to us, to their being allowed to use our work. We're not making that argument. We didn't make that argument in the district court. That presumes that the condition preceding was fine. There was no false promise there. There was no fraudulent bait-and-switch there. And if that was the case here, I would lose on that. I agree. I made that concession in front of Judge Curiel. Our argument is that there is a direct connection between what my client did, what she was told, and the truthfulness of what she was told. It's not a condition preceding argument. It's a fraud argument. The fraud that we have proved up, at least as to tribal issues, vitiates my client's intent. They're completely irreconcilable if you're going to impose an implied contract on my client to undercut her Copyright Act. You've got about a minute and a half left. Do you want to save it for Butler? I'm sorry? You've got a minute and a half left. I'll save a minute if I can. Thank you. Okay. We'll hear from the other side. May it please the Court, Elliot Gibson of Fair Gibson LLP, appearing for the respondent, Creative Empire LLC, DBA Mango. I also have with me today my colleague, Gregory Fair. Your Honors, this is a copyright claim that's in front of you. It's not a contract claim. It's not a fraud claim. There are state law remedies for fraud. Other cases, such as asset marketing and effects, have pointed that out. They had an opportunity to bring state law claims, and the claims in front of this Court right now are copyright claims. This case is directly in line with the effects and the asset marketing line of cases. The Judge Curiel applied, correctly applied, the test of asset marketing, and there is no subjective inquiry. Your Honors are correct. There is no authority for the proposition that an implied license must follow state law. Again, we're in the area of copyright. We're in the area of federal law. We're not in the area of state law. There's no authority in the Central District, the Southern District, or the Ninth Circuit for what opposing counsel is proposing here. But has the theory been rejected? Has the theory been rejected? I understand that you think that there's no authority for it. Is there any authority against it? Well, I think by implication, the effects and asset marketing Mr. Crosby's point was that the implied license is not a part of the copyright scheme, that it's been read into the Act by the Court. And if that's the case, and it seems to be not much of a stretch for somebody to make the argument that such implied consent might be vitiated by fraud. Whether he can prove fraud, I don't know. But it doesn't seem much of a stretch to say that if you defrauded me, then you didn't get my copyright consent. Well, let me answer that in two parts. First, I don't believe judges created this law. 17 U.S.C. 204 talks about the transfer of copyright via written instrument. We're not talking about the transfer of a copyright here. We're talking about a non-exclusive license. There's nothing in the Copyright Act that prevents a non-exclusive license from being issued. Secondly, Your Honor, there is no evidence of fraud here. And despite what they claim, and I looked this morning at the record, I'm looking at the October conversation between the plaintiff and her supervisor, which they had a telephone conversation. It's memorialized in correspondence by e-mail after that. It looks to me like the two of them have a very different view as to what transpired in that conversation. Why doesn't that create a triable issue of fact? Well, Your Honor, in the October 2nd e-mail, Ms. Reineke says, I didn't go for another commission. That's at ER 741. Months after that, in January 31st, 2010, Ms. Reineke in an e-mail to her friend was complaining about this being the worst paying job ever. That's at ER 743. If it was the worst paying job ever, she's not talking about having a commission. Moreover, all the documentary evidence Did Judge Curiel decide this on the basis that there was no dispute as to whether there was fraud? No, Your Honor. Okay. So you're now advocating a different theory to us, an alternative theory on appeal, which is that there's no evidence and therefore We didn't have to reach that. But Judge Curiel made it very clear that if we were going there, he didn't think or he said there were serious issues where they could even create a genuine issue. But he didn't decide it on that basis. He didn't decide it because he didn't have to decide it. So what you're advocating now is a different theory on the basis of what the district court decided. I'm going with where the court was asking me and I believe what Mr. Crosby was referring to, which is if you were to go down this hypothetical, counterfactual route, there still wouldn't be any evidence of fraud based on the record before the court and you would have the authority to affirm any alternative. But I don't think you have to and I don't think you should because I think you should affirm on the original reasoning, which is asset marketing and the effects test are the correct test. And moreover, I would say Judge Curiel did address this fraud vitiates consent. That was the main point. Where did he address it? Your Honor, that happened in oral argument. But it's not in his written opinion? It's not in his written opinion because Judge Curiel correctly applied federal copyright law case precedent to a copyright claim. Well, now I'm really confused. So he didn't address it in his written order but he decided it elsewhere in an oral? I'm saying in oral argument it was presented to the court and they argued it in the opinion. It was decided on asset marketing and effects test. That's right, Your Honor. Okay. So where did Judge Curiel decide the questions before us today? The question about whether fraud vitiates implied consent. I don't think Judge Curiel didn't specifically go to whether fraud vitiates. Okay. Did Ms. Reineke and her counsel raise that argument before Judge Curiel? It certainly is part of the core of their brief. Did they raise it in front of Judge Curiel? Yes. Okay. But you can't point to any place here where Judge Curiel decided that issue? Your Honor, if I may. Of course. This is at Exhibit 2. Exhibit 2 to what? I'm sorry, of the record. Starting on ER 2 to ER 22. We'll try to find a place for Your Honors where I believe he talks about asset marketing and effects. That's what came across to me, that he relied on asset marketing and he just didn't feel the need to go any further. Is that a correct reading of what happened below? I believe that's right, Your Honor, because, again, it's a copyright claim that's in front of him. It's not a fraud claim and it's not a contract claim. Okay. But so I agree with Judge Walter. It looks like he said, well, I find the elements of asset marketing and stopped. But as I understand Ms. Reineke's argument, her argument is even if you go through those steps, if I've been defrauded in the process of doing this, I didn't give my implied – I can't get implied consent if fraud was a part of the process. And I don't see where Judge Curiel resolved that issue. He could have done it a couple of ways. He could have said, well, on the facts there's no evidence for it and the record is clear. He might have decided on the law and said fraud does not vitiate implied consent. He might have said that fraud is subsumed in step number three of asset marketing. I don't see that he did that. So I'm trying to figure out what he decided and what he didn't decide. Your Honor, I believe your interpretation is correct. He didn't think he needed to. I've given you about three alternatives. So which one of them? So here's the alternative that I think is correct, that he analyzed it under effects and asset marketing. I believe that was the correct analysis. I believe he – when he started to go down this path of, well, let's kind of imagine if there was fraud, he stopped. He said even if there was fraud or there was alleged fraud here or that was something we had to analyze, I think there are serious questions whether they could have even raised that because her testimony contradicts the documentary evidence. But you're right. He did not decide that. He decided on asset marketing. Can you point to me any place in his order where he addresses the question of fraud or where he uses the word fraud? He talks about it with respect to whether the commission was promised. And as I understand it, that's the whole basis of the allegation. Can you give me a page? This is on ER 17. Okay. And which page of his order is that? That's page 16 of his order. Okay, page 16. So you're in the second full paragraph on page 16, the one that begins the court notes that the contradiction? Yes. Okay. All right. And that's where I am. I just don't see that he's resolved that question. I believe you're right because the court – he says the court need not make a determination. Right. So it's on other ground. So he didn't decide it. Okay. Now tell me why it's not necessary for him to have decided that question. It's not necessary for him to have decided that question because asset marketing is the correct line of cases in Ninth Circuit. Did asset marketing address the question of fraud? No, Your Honor, but this question of fraud comes from California contract statutes. I got that. This is a fairly – I'm conceding. This is a novel argument. I have no idea whether Ms. Reineke can prove this. She may have a pretty thin case, but I don't see that Judge Curiel has addressed what appears to be a novel proposition of law. I don't see that it's been addressed by anything else. Well, let me put it this way. In the alternative, all we're talking about here is the third prong, which is, you know, her intent when she gave it over. And Mr. Crosby hasn't talked at all about or denied that she intended to in the sense that she knew it was going to be used with Mango, that she knew it was going to be distributed. That's not disputed, but that somehow, because of fraud, there was no kind of mutual assent of the minds. Right. So let me try it this way, which I believe is in the brief, and I'm sorry it took so long for me to get here, which is even if that were the case under kind of this contract theory rubric, which is what all of his statutes are, all of the California statutes go to contract that he cited, even in that case, it doesn't prevent mutual assent. All it does is create a contract that is voidable, meaning it's not void at the formation. It's voidable. It could be rescinded. But in order to rescind that contract, you have to do it promptly, and you have to give back your consideration. In this context, the consideration was already given. It was already received. She had that $9,000. She never, ever offered to give it back. So even under that formulation, it wouldn't matter because she didn't try to rescind the contract. She didn't try to give it back. She rescinded the contract. These are all new arguments, aren't they? No, Your Honor. I think that's it. I mean, I know that I understand that you've spent a lot of time developing facts, but none of this has really been – was put before the district court, and it wasn't really put before us in the briefs. No, Your Honor. I would say that was put before you in the briefs in at least Apolli's brief. Thank you. Page 45, even if California contract law governs the formation of an implied license, the implied license is valid and cannot be revoked or rescinded. I'm sorry. Did you have a page in your brief? Yes. If we go to page 45, this talks about a voidable contract and the difference between something that's void and something that's voidable. Void meaning there's no legal effect. It never existed. Voidable meaning you can void it, but you have to rescind the contract. And here on the record, it is undisputed. She personally never tried to rescind the contract. She never said you can't use it. The first time any of this ever came up was in October of 2010, after her relationship had already been terminated with Mango. So let me make sure I understand where we are in the argument. So, effective emergency, that line of cases says you can have an implied license. Correct. And that's formed by contract. It's an implied contract, but it's a contract nonetheless. I wouldn't say that it's a contract, Your Honor. I would say I'd go back to my very first argument. That was sort of the whole dispute unfold, wasn't it? Well, it's a legal obligation the court imposes on the parties, but it's not an actual contract. It's the nature of copyright law. It comes from federal copyright law. It doesn't come from state contract principles. Well, I was trying to understand your argument. I mean, what you may say may be right, but what I thought I understood was trying to understand your argument, and I thought I was making an argument that helped you, but you decided to contradict me, so I'm now totally confused. I thought what you were saying is you had to have a contract, and there was a contract, and if she wants to use fraud she has to undo the contract by voiding it, which is where I thought you were going. But you have now completely destroyed that line of argument by telling me that's not where you were going at all. You were saying, no, there is no contract, so why haven't you just helped opposing counsel defeat your argument? I'm sorry, Your Honor. Which often happens when lawyers answer questions before they hear what they are or give themselves a chance to think about it. I'm sorry, Your Honor. I would go back to the brief on page 45. I was trying to understand what you were meaning by that, which is why I was laying out what I thought was going, but you interrupted me and you said I was on the wrong track, so now I'm completely confused as to what this argument, how this argument fits. If it's not a contract that is voidable, if you don't have to, which is, you know, you stopped me and you said, oh, no, it's not that, then what's the point of this whole voidability thing? What is there to be voidable if not a contract? Your Honor, if it is a contract? No, no, no, you said it's not. You know, I said you had to have a contract, and you said no, no, no, it's not what it is, so now that's where you are, so where does this argument fit about voidability? So, Your Honor, the ‑‑ Just answer my question. The best way I can answer your question is if it's a contract under California law controls, then it's voidable. You said it's not. You just, you know, I was going there and you contradicted me and you said no, it's not. So if it's not a contract, if you don't get it by contract, what does voidability have to do with it? I mean, you said, look, it's a contract, you have to pay the money back, you have to, you know, you have to go through that route. But if it's not a contract, none of that matters. That's correct. This is an argument in the alternatives. You are right. If it's not a contract ‑‑ I'm asking you what does this voidability ‑‑ so you mean this argument, where does that fit in? So the voidability argument figures in, which is if we're going to be using principles of fraud vitiates intent, and all of those principles come from contract law, and all of the citations come from California law, if we're in that world of looking at California contract law, then let's look at all of California contract law. But you're saying we're not there, we're someplace else. So wherever this other place is, why doesn't opposing counsel, isn't he right, when he says, well, you can't really get valid consent, and you can't induce valid consent by fraud and applied license by fraud? Well, I would say two things. You're not in the world where you have an implied contract, where you have a contract that you can void, you can go through the voidability analysis. You are in this other world that you want to be in, and I'm not sure how this other world helps you. Well, if we're in that other world, consideration was paid, and it's irrevocable, they're not disputing that. What if they beat it out of her? What if they threatened to kidnap her daughter and hold her captive? You know, if it's induced by force or by crime. I mean, surely you're not going to say it holds no matter what. They held a gun to her head, right? You're not going to say that. Whatever this thing is, this thing in federal law, it overrides all other consideration of contract formation. I would agree with you that, but I don't know. I haven't tested the outer limits, but those aren't the facts on the case. As a civilian, I would say that you're arguing a contract is voidable or it's void ab initio. It never existed. It's not there. The gun to the head would clearly be a void ab initio, while fraud, you have a contract. You just try and break the contract. So it's voidable, right? Yes, Your Honor. Well, that's only if we're in the world of contracts and common law contracts, but you said we're not there. Why is this other world having to do with federal law? I was just pointing out, it can't be that anything that amounts to consent, no matter how induced, is valid. I mean, you're not going to say that, whether it's induced by force or fraud or threats or extortion or anything else. You're not going to say that. I'm not going to say that, Your Honor. I'm not going to say that. I would just say those are not the facts. That's not what the record reflects here. You think you're the first lawyer to point out that the hypothetical question is not the facts of the case? You know, if I had a dollar for every time a lawyer said that, you know, I'd be a nice supplement to my federal salary. Okay. Well, I think you are well over your time, and you've managed to confuse issues nicely. Maybe next time you listen to the whole question before. Thank you, Your Honor. Yep. Okay. You've got a minute and a half left, I believe. Thank you, Your Honor. All right. You want us to graft on the existing settled, or at least the judge below thought it was settled, Ninth Circuit law, now that fraud may be considered under copyright law. That's what you want us to do. I think under an implied license affirmative defense to a copyright claim, I think that's correct. I think that is what I'm asking you. And, Your Honor, it is correct that we spent almost our entire argument in front of Judge Curiel talking about this issue, and he didn't address it in his order at all, and that's one of the sources of evidence. Probably for the reason that he thought it's been decided. Well, I don't know if that's the case or not, but he did address it. But there's no case that deals with this issue, right? As Judge Bobby pointed out, right? There's no case one way or the other. Well, I've looked far and wide, and I have not found a case that addresses this particular topic. Counsel, in their brief, referred to the Intelligraphics case, the FX case, and the Fontana-Harris case, but none of those address this issue. Those are all condition proceeding cases, failure to pay cases. I've been unable to find a case that makes this argument. And I think just to address his voidability argument, I don't think that makes sense, because my client's entitled to copyright protection unless they prove a contract as an affirmative defense. We don't think that contract exists, so I'm supposed to act as if I have to void out a contract they're raising in litigation as an affirmative defense? It doesn't make sense. And fraud always is the case. Well, I mean, that's how fraud works, right? You can, you know, they raise a contract, and I mean, it's State law. And if you think it was induced by fraud, you have to do the things to prove it voidable. I mean, he's clearly right about that, if that's where we are, if we're in State law. Well, I think we are State law. I think it's a matter of State law whether there's an implied contract that existed as an affirmative defense. But the juxtaposition is, is we don't have to. Well, if there's an implied contract and you want to use fraud, why aren't you required then to do the things to make it voidable, including tender the consideration paid? Well, because they're raising we don't believe that contract exists. We don't believe that implied contract exists. But on that score, they have the goods. It's only the fact that you're claiming fraud that makes an issue. On the question of whether there's an implied contract, they have pretty solid evidence. The only thing you bring against it is fraud. And they point out if you're in the State court, what you do is if we have, you know, we've proved up a contract, there's an implied contract, but it's nevertheless a contract. If you want to get around it because of fraud, you have to do the kind of things to make it voidable. It's not void up an issue. You have to make it voidable, which is you have to, you know, that's an affirmative defense where you have to tender the consideration paid. Well, I think you're both arguing each other's case. No, I don't. With respect, I don't think we are, Your Honor, because I understand the voidable analysis making, but it doesn't make sense in the juxtaposition of an affirmative defense raised two years after the fact in a piece of litigation. I guess the argument would be once they raise that, then we have to try to void this contract that they did. That's exactly the proposition, and I haven't heard you. I mean, other than sort of ridiculing the position, that's what happens. That's what happens. Your Honor, I'm not ridiculing anybody. This is new territory. But I do think that, and not in State court. In State court, it's not new territory. If you're not dealing with copyright, it's quite clear what happens in State court. If they manage to prove a contract, you have to come in and show it voidable. You have to do the things that it's an affirmative defense, and you have certain burdens. Well, I have certain burdens, but it is always an affirmative defense to the formation of a contract that there is no consent because fraud vitiates consent. I can raise that as an affirmative defense to a contract case without trying to rescind. It's always an affirmative defense to a contract case that there's no consent because of fraud. I don't have to, I don't have, my only remedy is not to go to them and say I'm going to rescind the contract.  This is a copyright case. I'm sorry. Pure and civil, that's all it is. This is a copyright case. I agree it's a copyright case, but they are setting up a contractual defense to my copyright claim. That's the point. And so it is a contractual analysis claim. Okay, thank you. Thank you. The case is argued. We'll stand some minutes.
judges: Kozinski, Bybee, Walter